**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Andrei Armas, Esq. (299703)
Andrei@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**CARDOZA LAW CORPORATION**
Michael F. Cardoza, Esq.
(SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

**HYDE & SWIGART**
Joshua B. Swigart, Esq.
(SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South,
Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Jacalyn Robbins

**BRYAN CAVE LLP**
Robert A. Padway (SBN 48439)
Alexandra C. Whitworth (SBN 303046)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
E-Mails:
robert.padway@bryancave.com
alex.whitworth@bryancave.com

*Attorneys for Defendant,*
Citimortgage, Inc.

**NOKES & QUINN APC**
Thomas P. Quinn, Jr. (132268)
410 Broadway, Ste. 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

*Attorneys for Defendant,*
Equifax Information Services, LLC

**JONES DAY**
Douglas L. Clark (SBN 279408)
dlclark@jonesday.com
12265 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858-314-1200
Facsimile: 858-314-1150

*Attorneys for Defendant,*
Experian Information Solutions, Inc.

[additional attorneys for Defendants on the next page]

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**SCHUCKIT & ASSOCIATES, P.C.**
Sandra Davis Jansen, Esq.
(IN #27803-53) (admitted Pro Hac Vice)
Franci G. Fealk, Esq.
(IN #33894-49) (admitted Pro Hac Vice)
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: 317-363-2400
Fax: 317-363-2257
E-Mails:
sjansen@schuckitlaw.com
ffealk@schuckitlaw.com

**VOGL MEREDITH BURKE LLP**
David Streza, Esq. (CSB #209353)
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: 415-398-0200
Fax: 415-398-2820
E-Mail: dstreza@vmbllp.com

*Attorneys for Defendant*,
Trans Union, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**JACALYN ROBBINS,**

Plaintiff,

v.

**CITIMORTGAGE, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND, TRANS UNION LLC**

Defendants.

**Case No.**: 5:16–cv–04732-LHK

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

The Parties[1] to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9 and this Court's Order Setting Case Management Conference And Requiring Joint Case Management Conference Statement.

## 1. **Jurisdiction & Service**

This Court has jurisdiction pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims. There are no issues regarding personal jurisdiction or venue. There are no parties that remain to be served and all Defendants have filed Answers.

## 2. **Facts**

**Plaintiff:** This case arises out of the alleged illegal actions of Defendants, who Plaintiff contends violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); and, the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

Prior to filing Plaintiff's Complaint, Plaintiff determined that Defendants were inaccurately reporting a foreclosure-started status in regards to Plaintiffs Citimortgage account. Specifically, CITI reported an "account paid after foreclosure started" status through EQUIFAX, a "foreclosure proceedings started" thought EXPERIAN, and a "foreclosure initiated" and "foreclosure started" through TU. Thereafter, Plaintiff disputed this inaccurate reporting directly to

---

[1] The term "Parties" shall refer to plaintiff JACALYN ROBBINS ("Plaintiff"), defendant CITIMORTGAGE, INC. (defendant "CITI"); defendant EXPERIAN INFORMATION SOLUTIONS, INC. (defendant "EXPERIAN"); defendant EQUIFAX INFORMATION SERVICES, LLC (defendant "EQUIFAX"); and, defendant TRANS UNION, LLC (defendant " Trans Union") (collectively, "Defendants").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

each of the Defendants, explaining that official foreclosures proceedings, including the filing of a "Notice of Default" as required by Cal. Civ. Code § 2924 to initiate a foreclosure, never occurred against Plaintiff's Citimortgage account because the account was satisfied in full through a short sale, a foreclosure alternative offered by CITI.

However, CITI continued to verify the inaccurate information with the Credit Bureaus – i.e. EQUIFAX, EXPERIAN and TRANS UNION, which continued to report the inaccurate information. This derogatory account still remains on Plaintiff's credit reports with the Credit Bureaus. By failing to properly investigate the account and continuing to report the inaccurate information, Plaintiff alleges that Defendants violated the FCRA and the CCCRAA. As a result of the allegedly inaccurate reporting of the delinquent account, Plaintiff's credit standing has been unjustly and negatively affected.

Plaintiff asserts that there are no factual disputes regarding the above factual summary.

**Defendant CITI:** Citi has answered the complaint, denying all material allegations therein. Citi denies that it furnished inaccurate information to credit reporting agencies and further denies that Plaintiff suffered any damages based on the allegations set forth in the Complaint.

**Defendant EXPERIAN:** Defendant Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided Consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

**Defendant EQUIFAX:** Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and handled Plaintiff's disputes in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

**Defendant TRANS UNION:** Trans Union is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union. Further, Plaintiff's state law and common law claims are pre-empted by the FCRA.

//

//

**3. Legal Issues**

**Plaintiff:** Plaintiff alleges that Defendant violated the FCRA, 15 U.S.C. § 1681, et seq.; and, the CCCRAA, Cal. Civ. Code § 1785.1, et seq. More specifically, Defendant's violations include, but are not limited to, Defendant's violation of 15 U.S.C. § 1681i and Cal. Civ. Code § 1785.16 by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate. Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the FCRA; and/or CCCRAA.

**Defendant CITI:** The primary legal issues are whether Citi knowingly reported inaccurate information; whether Citi conducted a reasonable investigation in response to any alleged disputes; and whether Plaintiff suffered damages as a result of any alleged statutory violations.

**Defendant EXPERIAN:** The primary legal issues are whether Experian maintained reasonable procedures and conducted reasonable reinvestigations into Plaintiff's disputes. Experian maintains that with respect to Plaintiff, it maintained reasonable procedures and conducted reasonable reinvestigations of Plaintiff's disputes.

**Defendant EQUIFAX:** The primary legal issues are whether Equifax maintained reasonable procedures and conducted reasonable reinvestigations into Plaintiff's disputes. Equifax maintains that with respect to Plaintiff, it maintained reasonable procedures and conducted reasonable reinvestigations of Plaintiff's disputes.

**Defendant TRANS UNION:** The primary legal issues with respect to Trans Union are whether (1) this suit against Trans Union constitutes a collateral attack to resolve what is otherwise a legal dispute with CitiMortgage regarding the reporting of Plaintiff's account; whether (2) Trans Union maintained reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit file, which it maintains it did; and whether (3) Trans Union conducted a reasonable

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

reinvestigation(s) of Plaintiff's alleged dispute(s), which is also maintains it did.

**4. Motions**

**Plaintiff:** There are no prior or pending motions. Further, Plaintiff does not currently anticipate the need to file any motion. However, Plaintiff reserves the right to file a motion for summary judgment as to the liability of Defendants on the issues listed above.

**Defendant CITI:** Citi anticipates filing a Motion for Summary Judgment.

**Defendant EXPERIAN:** Experian may file discovery and/or dispositive motions.

**Defendant EQUIFAX:** Equifax anticipates filing a Motion for Summary Judgment at or near the close of discovery.

**Defendant TRANS UNION:** There are no prior or pending motions. It is anticipated that Trans Union may file FRCP 56 Motion For Summary Judgment once discovery has closed.

**5. Amendment of Pleadings**

The Parties do not anticipate the addition of additional parties; however, they reserve the right to do so as may become necessary. The Parties do not anticipate a need to amend the pleadings, but they reserve the right to do so as may become necessary.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7. Disclosures**

The Rule 26(a)(1) disclosures will be made no later than 14 days from the

Court's Scheduling Order.

**8. Discovery**

**Plaintiff:** The Parties have not engaged in any written discovery to date. Plaintiff anticipates propounding Requests for Admissions, Requests for Production of Documents and Special Interrogatories. In addition, Plaintiff will also depose the Person(s) Most Knowledgeable for Defendants and individual employees associated with Plaintiff's account. Plaintiff also reserves the right to utilize an expert regarding Defendants' credit reporting conduct.

Plaintiff will be seeking the following categories of documents in discovery: Plaintiff's payment history with CITI, Credit Reports as maintained by Defendants; Plaintiff's disputes regarding the alleged delinquent Citimortgage account; Defendants' respective responses; documents in regards to Defendants' investigation into Plaintiff's dispute; and, any other relevant document associate with Plaintiff and this matter. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendants maintain their data.

**Defendant CITI:** Citi anticipates conducting discovery on all claims alleged in the Complaint by way of interrogatories, depositions, requests for admission, and requests for production of documents.

**Defendant EXPERIAN:** Experian proposes that the number of interrogatories, requests for admissions, and requests for production of documents, as well as number and length of depositions, shall be as set forth in the Federal Rules of Civil Procedure. Experian intends to take the depositions of any expert retained by Plaintiff and reserves the right to retain a rebuttal expert and to take depositions of any other persons revealed by discovery to have personal knowledge of the matters in dispute, including Plaintiff. Experian does not believe that discovery should be conducted in phases.

**Defendant EQUIFAX:** Equifax proposes that the number of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

interrogatories, requests for admissions, and requests for production of documents, shall be limited to 35 in number, each. Equifax intends to take the depositions of any expert retained by Plaintiff and reserves the right to retain a rebuttal expert and to take depositions of any other persons revealed by discovery to have personal knowledge of the matters in dispute, including Plaintiff. Equifax does not believe that discovery should be conducted in phases.

**Defendant TRANS UNION:** Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint and Defendant's Answer, and will be conducted by (including but not limited to) Depositions, Interrogatories, Requests For Admission, and Requests For Production Of Documents. The parties may also undertake non-party discovery to determine the facts surrounding Plaintiff's claims.

**9. Class Actions**

This is not a Class Action matter.

**10. Related Cases**

The Parties are not aware of any related cases or proceedings.

**11. Relief**

**Plaintiff:** Plaintiff requests the following relief:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

**Defendant CITI:** Citi denies all liability for any damages. It does not seek damages at this time but reserves the right to do so.

**Defendant EXPERIAN:** Experian does not allege any damages at this time but reserves the right to do so, and will provide a computation of each category of damages to the extent Experian exercises that right as a supplement to these disclosures. Further, Experian denies all liability to Plaintiff for any damages.

**Defendant EQUIFAX:** Equifax does not allege any damages at this time but reserves the right to do so. Further, Equifax denies all liability to Plaintiff for any damages.

**Defendant TRANS UNION:** Trans Union is not seeking damages at this

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

time, but reserves the right to do so. Trans Union denies all liability to Plaintiff for any damages.

**12. <u>Settlement and ADR</u>**

The Parties have engaged in very limited settlement discussions, aimed at complying with ADR L.R. 3-5. The Parties have thus complied with ADR L.R. 3-5. It is too early to determine the likelihood for settlement. Although, Plaintiff believes that settlement discussions will benefit from further development of the factual record, the Parties have stipulated to an Early Settlement Conference with a Magistrate Judge. In doing so, the Court has set an ADR Phone Conference for November 14, 2016 at 11:30 a.m. PST.

**13. <u>Consent to Magistrate Judge For All Purposes</u>**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The parties do agree to referral to a magistrate judge for purposes of settlement and any discovery issues.

**14. <u>Other References</u>**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. <u>Narrowing of Issues</u>**

No issues at this time can be narrowed by agreement or by motion and neither party requests to bifurcate issues, claims, or defenses.

**16. <u>Expedited Trial Procedur</u>**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 61.

//

//

//

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**17. Scheduling**

| Item | Parties' Proposed Dates | The Court's Proposed Dates |
|---|---|---|
| Initial Disclosures | 14 Days After Courts Scheduling Order | |
| Last Day to Serve Initial Expert Reports | June 2, 2017 | |
| Last Day to Serve Rebuttal Expert Reports | July 19, 2017 | |
| Fact Discovery Cut-off | August 18, 2017 | |
| Expert Discovery Cut-Off | October 2, 2017 | |
| Deadline to File Dispositive Motions | December 1, 2017 | |
| Pretrial Conference | July 2, 2018 | |
| Trial<br><br>(Est. days) | July 16, 2018<br><br>(2-5) days | |

**18. Trial**

The parties request a 2-5 day trial. Plaintiff has requested a jury trial.

**19. Disclosure of Non-party Interested Entities or Persons**

**Plaintiff:** Plaintiff has filed his respective "Certification of Interested Entities or Persons." As stated therein, Plaintiff "certifies that there are no disclosures to make pursuant to Civil L.R. 3-15 (b)(1), as no such interest is known other than that of the named parties to the action."

**Defendant CITI:** Citi filed its Certificate of Interested Entities or Persons along with its Answer.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**Defendant EXPERIAN:**

1. Experian has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15, listing the following entities that hold an interest in Experian:

2. Parent Companies: The ultimate parent company of Experian is Experian plc.

3. Subsidiaries Not Wholly Owned: The following companies are the US-based subsidiaries of Experian plc that are not wholly owned:

   (a) Central Source LLC

   (b) Online Data Exchange LLC

   (c) New Management Services LLC

   (d) VantageScore Solutions LLC

   (e) Opt-Out Services LLC

4. Publicly Held Companies: Experian plc owns 100 percent of Experian. Experian plc is a Jersey registered company which is publicly traded on the London Stock Exchange.

**Defendant EQUIFAX:** Equifax has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15, listing Equifax Inc. as the parent company of Equifax.

**Defendant TRANS UNION:** Trans Union has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Trans Union LLC is a wholly owned subsidiary of TransUnion Intermediate Holdings, Inc., formerly known as TransUnion Corp. TransUnion Intermediate Holdings, Inc. is wholly owned by TransUnion, formerly known as TransUnion Holding Company, Inc. TransUnion is a publicly traded entity. Advent International Corp. and GS Capital Partners, an affiliate of Goldman Sachs Group, Inc., a publicly traded entity, together own a majority of the stock in TransUnion.

No public company directly owns 10% or more of the stock in Trans Union

LLC. TransUnion, a publicly traded entity, owns more than 10% of the stock in TransUnion Intermediate Holdings, Inc. Goldman Sachs Group, Inc., a publicly traded entity, through GS Capital Partners, owns more than 10% of the stock in TransUnion.

**20. <u>Professional Conduct</u>**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. <u>Other</u>**

The parties are unaware of any remaining matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**Defendants:**

Defendants will seek a protective order to limit the disclosure of trade secret or other confidential research, development or commercial information; or personal or financial information of a consumer other than Plaintiff. After the parties have an opportunity to confer regarding the terms of the Stipulated Protective Order, the same shall be submitted for the Court's approval.

//
//
//
//
//
//
//
//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Dated: November 9, 2016 **KAZEROUNI LAW GROUP, APC**

By: /s/Andrei Armas
ANDREI ARMAS, ESQ.
ATTORNEY FOR PLAINTIFF
Jacalyn Robbins

Dated: November 9, 2016 **BRYAN CAVE, LLP**

By: /s/Alexandra C. Whitworth
ALEXANDRA C. WHITWORTH
ATTORNEY FOR DEFENDANT
Citimortgage, Inc.

Dated: November 9, 2016 **NOKES & QUINN, APC**

By: /s/Thomas P. Quinn
THOMAS P. QUINN
ATTORNEY FOR DEFENDANT
Equifax Information Services, LLC

Dated: November 9, 2016 **JONES DAY**

By: /s/Douglas L. Clark
DOUGLAS L. CLARK
ATTORNEY FOR DEFENDANT
Experian Information Solutions, Inc.

Dated: November 9, 2016 **SCHUCKIT & ASSOCIATES, P.C.**

By: /s/Franci G. Fealk
FRANCI G. FEALK
ATTORNEY FOR DEFENDANT
Trans Union, LLC

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Lucy H. Koh
UNITED STATES DISTRICT JUDGE

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

Dated: November 9, 2016

KAZEROUNI LAW GROUP, APC

By: /s/ Andrei Armas
ANDREI ARMAS, ESQ.
ATTORNEY FOR PLAINTIFF

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kazerouni Law Group, APC, 1939 Harrison Street, Suite 912, Oakland, California 94612. On November 9, 2016, I served the within document(s):

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

☒ CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 9, 2016, at Oakland, California.

/s/ Andrei Armas
ANDREI ARMAS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626